IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONACIANO J. LUNA, Jr., | ) |
| | ) |
|                        **Plaintiff**, | ) |
| | ) |
| vs. | )    Case No. 16-cv-00579-MJR |
| | ) |
| SYLVIA BUTLER | ) |
| and DR. VAL, | ) |
| | ) |
|                        **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Donaciano Luna, Jr., a former inmate at Menard Correctional Center ("Menard"),[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against his prison psychiatrist and psychologist at Menard. In the complaint, he claims that both mental health professionals denied him access to his psychotropic medications for a period of six months (Doc. 1, pp. 5-6). He now sues both defendants for exhibiting deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, and for negligence, in violation of Illinois state law (*id*. at 5). Plaintiff seeks monetary relief (*id*. at 7).

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is

---

[1] At the time of filing his complaint, Plaintiff (#B-85198) was incarcerated at Menard. Plaintiff has since notified the Court that he was released from prison on June 24, 2016 (*see* Doc. 7). Menard officials provided written confirmation of the same on July 5, 2016 (*see* Doc. 8).

immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

Plaintiff suffers from bipolar, anxiety, and post-traumatic stress disorders (Doc. 1, pp. 5-6). He has been diagnosed with these conditions by multiple mental health professionals (*id*. at 5). For years, he has taken psychotropic medications to manage the illnesses, both inside and outside of prison.

When Plaintiff transferred to Menard on September 18, 2015, all of that changed. His prescriptions were suddenly cancelled. On September 29, 2015, Plaintiff met with the prison's psychiatrist, Doctor Val, to discuss his mental health issues and his need for treatment. At the appointment, Plaintiff described his long history of mental illness and treatment. He referred Doctor Val to his mental health records, which allegedly confirm all three diagnoses and his history of treatment with psychotropic medications.

Doctor Val reviewed Plaintiff's mental health records and then told Plaintiff that he suffered from no mental illness. Doctor Val refused to refill Plaintiff's prescriptions. For the next six months, the doctor continued to insist that Plaintiff was healthy and needed no medication.

Plaintiff turned to the prison's psychologist, Sylvia Butler, for help (*id*. at 6). Butler treated Plaintiff for all three conditions during his incarceration at Pinckneyville Correctional Center. She was familiar with his case. Still, she refused to refer Plaintiff to another psychiatrist for a second opinion or advocate for the reinstatement of his prescriptions. Plaintiff claims that he suffered from symptoms of mental illness for months unnecessarily.

As suddenly as his prescriptions were cancelled, they were reinstated. After six months, Doctor Val – without warning and without explanation -- renewed Plaintiff's prescriptions.

Plaintiff now claims that the actions of Doctor Val and Sylvia Butler amounted to deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, and negligence, in violation of Illinois law (*id.* at 5). He now sues both for monetary relief (*id.* at 7).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Defendants Val and Butler for denying Plaintiff medication for bipolar, anxiety, and post-traumatic stress disorders for a period of six months at Menard.**
>
> **Count 2:** **Illinois medical negligence claim against Defendants Val and Butler for denying Plaintiff medication for bipolar, anxiety, and post-traumatic stress disorders for a period of six months at Menard.**

**Count 1** is subject to further review against both defendants. However, **Count 2** is subject to dismissal without prejudice for failure to state a claim upon which relief may be granted.

### Count 1

The complaint articulates a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendants Val and Butler. To establish a claim for the denial of medical care, a plaintiff must demonstrate that the defendants were aware of and disregarded a substantial risk of harm from an objectively serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012);

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). A medical condition is "serious," if it has been diagnosed by a physician as requiring treatment or is so obvious that a layperson would recognize the condition as necessitating treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Deliberate indifference is intentional or reckless disregard of a substantial risk of harm posed by the condition; negligence does not support a claim of deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The allegations in the complaint support a claim against Defendants Val and Butler. Plaintiff's bipolar, anxiety, and post-traumatic stress disorders satisfy the objective component of this claim for screening purposes. According to the Seventh Circuit, a psychiatric or psychological condition may present a serious medical need. *Meriwether v. Falkner*, 821 F.2d 408, 413 (7th Cir. 1987). The allegations also suggest that the defendants responded to Plaintiff's serious medical need with deliberate indifference, satisfying the subjective component of this claim at screening. "[I]nmates may not be denied all treatment for a serious psychiatric or psychological condition." *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Plaintiff alleges that Defendants Val and Butler did just that when they refused to acknowledge or treat his mental illnesses for a period of six months. Given these allegations, **Count 1** shall receive further review against both defendants.

## Count 2

Plaintiff also alleges that Defendants Val and Butler were negligent in their care and treatment of him. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Negligence claims arise under Illinois state law. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state

law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). Although this Court has supplemental jurisdiction pursuant to § 1367(a) over the state law negligence claim, this is not the end of the Court's analysis.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report. Therefore, the claim in **Count 2** shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff will be allowed 35 days (**on or before August 12, 2016**) to file the required affidavit if he wishes to revive the claim and pursue it in this action. Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 2 shall become a dismissal with prejudice upon the expiration of this deadline. *See* FED. R. CIV. P. 41(b).

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. If Plaintiff wishes to revive this claim, he is hereby **ORDERED** to file the required affidavits within 35 days (**on or before August 12, 2016**). Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 2 shall become a dismissal with prejudice. *See* 735 ILL. COMP. STAT. § 5/2-622; FED. R. CIV. P. 41(b).

**IT IS ALSO ORDERED** that **COUNT 1** is subject to further review against Defendants **DOCTOR VAL** and **SYLVIA BUTLER**. With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendants **DOCTOR VAL** and **SYLVIA BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2016**                                                     s/ MICHAEL J. REAGAN
                                                                            **Chief District Judge**