IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONACIANO J. LUNA, JR.,   )
                          )
         Plaintiff,       )
                          )
vs.                       )   Case No.   16-cv-579-MJR-SCW
                          )
SYLVIA BUTLER, and        )
DR. VAL,                  )
                          )
         Defendants.      )

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This matter comes before the Court on motions seeking dismissal for want of prosecution filed by Defendants Butler and Val (Docs. 42, 44). On April 27, 2016, the undersigned held a hearing on those motions, and the motions are ripe for disposition. For the reasons stated below, the undersigned **RECOMMENDS** that the district judge **GRANT** the motions to dismiss (Docs. 42, 44) and **DISMISS** Plaintiff's suit **with prejudice**.

### BACKGROUND

Plaintiff filed this lawsuit on May 25, 2016. (Doc. 1). Plaintiff changed addresses throughout the course of this suit, and Plaintiff last filed a Notice of Change of Address on February 13, 2017, indicating that he had moved to the Madison County Jail. (Doc. 29). Defendant Butler represents that Plaintiff was released from the Madison County Jail on March 14, 2017. (Doc. 42, p. 1). To this date, the Court has received no

notice from Plaintiff indicating a change of address. Since March 14, 2017, three documents sent to Plaintiff at the Madison County Jail, have been returned to the Court as undeliverable. (*See* Docs. 41, 46, 49). On March 17, 2017, Defendant Butler filed a Motion for Summary Judgment to which Plaintiff has not responded. (Doc. 37). Plaintiff was previously instructed by Chief District Judge Reagan that Plaintiff was under continuous obligation to keep the Clerk of Court and opposing parties informed of any change of address within 7 days of any address change. (Doc. 3 p. 8). Judge Reagan warned Plaintiff that failure to provide such notice could result in dismissal of this matter. (*Id.*).

March 31, 2017, Defendant Butler filed a Motion to Dismiss for Want of Prosecution (Doc. 42), and a similar motion was filed by Defendant Val on April 11, 2017 (Doc. 44). In two separate notices, those motions were set for hearing on April 27, 2017. (*See* Docs. 43, 45). Each of those notices indicated that the parties could appear either in person or by telephone, and provided the call-in information for appearance by phone. (*Id.*). In addition, each notice specifically stated: "**A failure to appear by Plaintiff may result in dismissal of his suit for want of prosecution.**" (*Id.*). Those notices, as well as the entire docket, is viewable to the public through the Federal Court's PACER system. On April 27, 2017, the undersigned held the hearing on the motions to dismiss, and Plaintiff did not appear at all, either in-person or by telephone. (Doc. 50).

## ANALYSIS

Under Rule 41(b), a court may dismiss an action with prejudice "if the plaintiff

fails to prosecute or to comply with [the Federal Rules] or a court order." **FED.R.CIV.P. 41(b)**. A district court should dismiss a suit under Rule 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." ***Salata v. Weyerhauser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)) (internal quotations omitted)**. In addition, district courts have an inherent power to dismiss suits due to a plaintiff's failure to prosecute. ***Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 8L.Ed.2d 734 (1962)**. This power is necessary in order to prevent unnecessary delays in disposing of pending cases and to avoid clogging the district courts' calendars. *Id.* at 629 – 30.

In failing to notify the Court of his change of address since his release from the Madison County Jail, Plaintiff has shown no interest in prosecuting his suit. Though Plaintiff has been released for almost a month and a half, he has failed to file a change of address with the Court, even though the threshold order instructed him to do so. Plaintiff has neither responded to the motions to dismiss, nor did he appear for the hearing. The notices setting the hearing are viewable to the public, and they both specifically indicated the hearing was in regards to motions to dismiss. Moreover, in those notices, Plaintiff was specifically warned that his failure to appear could result in dismissal of this action. Additionally, the threshold order specifically indicated that failure to notify the Court of a change of address could result in a dismissal. Therefore, Plaintiff had adequate warning of the consequences of failing to notify the Court of a

new address and of failing to appear at the hearings.  *See Ball v. City of Chicago*, **2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).**  Plaintiff has also failed to respond to the summary judgment, as he likely did not receive the motion due to his own failure to notify the Court of his address change.   Plaintiff has changed his address in this matter in the past, and the undersigned can only conclude that his failure to do so this time is based on a lack of interest in prosecuting this suit.   It would be a waste of the Court's and Defendants' time and resources in continuing this matter.

## Conclusion

Therefore, the undersigned **RECOMMENDS** the district judge **GRANT** Defendants' motions to dismiss (Docs. 42, 44) and **DISMISS** Plaintiff's suit **with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **May 15, 2017.**

**IT IS SO ORDERED**.
DATED: 4/27/2017

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge